UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

                                                             PLAINTIFF

V.                                       CIVIL ACTION NO: 3-12-cv-817-S

CONTENTS OF ACCOUNTS IN THE NAMES OF:

COMMONWEALTH TECHNOLOGIES, LLC
(# XXXXX5480), HELD BY FIRST FEDERAL
BANK, 2323 RING ROAD
ELIZABETHTOWN, KY.

LUSK MECHANICAL CONTRACTORS, INC.
(#XXXXX5711 and #XXXXX4190 ), HELD BY
FIRST FEDERAL BANK, 2323 RING ROAD
ELIZABETHTOWN, KY.                                  DEFENDANT

## VERIFIED COMPLAINT
## FOR FORFEITURE IN REM

Comes the United States of America, by counsel, David J. Hale, United States Attorney for the Western District of Kentucky, Amy M. Sullivan, Assistant United States Attorney, of counsel, brings this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: Contents of Accounts in the Name of Commonwealth Technologies, LLC and Lusk Mechanical Contractors, Inc., held by First Federal Bank, 2323 Ring Road, Elizabethtown, KY ($2,508,260.24 in United States funds).

## JURISDICTION AND VENUE

2.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 18 U.S.C. §1343. This Court has jurisdiction over forfeiture actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3.  This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANTS IN REM

5.  The defendants are: Contents of Accounts in the name of Commonwealth Technologies, LLC and Lusk Mechanical Contractors, Inc., held by First Federal Bank, 2323 Ring Road, Elizabethtown, KY ($2,508,260.24 in United States funds). On or about October 22, 2008, SA Jared Camper, of the Defense Criminal Investigative Service (DCIS) seized these funds from the First Federal Bank, 2323 Ring Road, Elizabethtown, KY. By agreement of counsel for the owners of the defendant property, any deadline or statute of limitations for a forfeiture judicial action have been extended. These funds are currently being held in the Seized Asset Deposit Fund in Washington, D.C.

## THE LAW

6.  18 U.S.C. § 1343 provides that it is unlawful to "devise or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent

pretenses, . . .to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce . . .".

7. 18 U.S.C. § 981(a)(1)(C) provides that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title) or a conspiracy to commit such offense" in violation of 18 U.S.C.§ 1343, is subject to forfeiture to the United States. Pursuant to 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1)(B), wire fraud, 18 U.S.C. § 1343, constitutes a specified unlawful activity.

8. Pursuant to 18 U.S.C. § 984, the United States can seize, for civil forfeiture, identical property found in the same place where the "guilty" property had been kept. Pursuant to this section, the monies seized need not have been the particular monies traced to the crimes alleged, so long as the criminal funds were on deposit in that same account within one year of the seizure. Thus, Section 984 makes the property seized subject to forfeiture to the extent that monies traced to crime were located in the account in the year preceding the seizure. Accordingly, pursuant to 18 U.S.C. § 984, the monies seized from this bank are subject to forfeiture.

## SUMMARY OF RELEVANT FACTS

9. Based upon the following facts, these seized funds constitute the proceeds of one or more violations of Title 18, United States Code, Section 1343 (wire fraud).

10. Lusk Mechanical Contractors, Inc. (hereinafter referred to as "Lusk Mechanical) is a mechanical construction company that was incorporated on September 4, 1991 by Harry Lusk and his late wife, Mary Lusk. Harry Lusk is the Vice President and Mary Lusk was the

3

President of Lusk Mechanical. During August 2001 through January 2007, Lusk Mechanical completed a five-year job order contract at Fort Knox, Kentucky for minor construction, repair, maintenance and refurbishment of government-owned facilities located on Fort Knox. Lusk Mechanical was paid approximately $93 million by the DoD for its work on this contract. Lusk Mechanical is not a small business and does not have "HUBZone" and "8a" certifications. Therefore Lusk does not have the ability to bid on and receive federal contracts set aside for companies that have HUBZone or 8a status.

11. On July 28, 2004, Harry Lusk, Wendell Goodman and Rainey Crawford III organized Commonwealth Technologies in the State of Kentucky. Wendell Goodman was the CEO of Lusk Mechanical and then became the Vice President of Commonwealth Technologies, per his resume. Rainey Crawford III was an African American businessman from St. Louis, MO (he died of natural causes in May of 2007). According to William Richards, a business development consultant for Lusk Mechanical and Commonwealth Technologies, Harry Lusk, Wendell Goodman and Rainey Crawford III established Commonwealth Technologies to obtain 8a and HUBZone certifications—for which Lusk Mechanical was not eligible—from the Small Business Administration (SBA) and subsequently obtain federal contracts set aside for companies with 8a or HUBZone status.

12. After William Richards and Wendell Goodman submitted an electronic application to the SBA for Commonwealth Technologies to be certified by the SBA as a HUBZone company, the SBA granted Commonwealth HUBZone status on February 18, 2005. The work would actually be completed by Lusk Mechanical (Lusk). Once this certification was granted, Commonwealth obtained two contracts to perform specific work at Fort Knox. Records

pertaining to the first contract indicate that the electronic funds transfer form (EFT) submitted by Commonwealth, the entered information is correct except Lusk Mechanical's bank account number was put in the bank section of the EFT form. Therefore, payment for work performed would be wire transferred into the Lusk account by DoD. Payment pertaining to the second contract, where upon receiving payment from DoD, Commonwealth would transfer funds from the Commonwealth account to the Lusk Mechanical account. As of September 30, 2008, Commonwealth Technologies had been paid approximately $54,557,104 ($53,269,887 plus $1,287,217) by the DoD for its work on the two federal HUBZone contracts at Fort Campbell and Fort Knox. The defendant property, the contents of accounts used by Commonwealth and Lusk Mechanical in this wire fraud scheme, represents proceeds traceable thereto (totaling $2,508,260.24 in United States funds).

## **CLAIM FOR RELIEF**

The defendant property represents proceeds traceable to wire fraud, and as such, is forfeitable to the United States in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 984.

WHEREFORE, the plaintiff respectfully requests:

1. That the Court issue a warrant for the arrest and seizure of the defendant property;

2. That notice of this action be given to all persons known or thought to have an interest in or right against the property;

3. That the defendant property be forfeited and condemned to the United States of America;

4. That the plaintiff be awarded its costs and disbursements in this action; and

5. For such other and further relief as this court deems proper and just.

Respectfully submitted,

DAVID J. HALE
United States Attorney

s/ Amy M. Sullivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911

## **VERIFICATION**

I, Jared Camper, am a Special Agent with the Defense Criminal Investigative Service. I have read the foregoing Verified Complaint for Forfeiture *In Rem* and swear under the penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
SA JARED CAMPER

Subscribed and sworn to before me this 4th day of December, 2012.

LAURA B. GALLAHAN
Notary Public
Commonwealth of Virginia
7248715
My Commission Expires May 31, 2013

_____
Notary Public
My Commission expires: May 31, 2013